IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **KENNETH WAYNE JONES** )<br>    Plaintiff,                            )<br>                                              )<br>    vs.                                       )<br>                                              )<br>**ORCHID UNDERWRITERS**      )<br>**AGENCY, LLC, AND**              )<br>**QBE SPECIALTY INS. CO.,**    )<br>    Defendants.                         ) | Case No.: 1:23-cv-00472 |

**ANSWER TO COMPLAINT**
**BY QBE SPECIALTY INSURANCE COMPANY**

Defendant QBE Specialty Insurance Company answers the Complaint as follows:

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. QBE lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

5. QBE admits Plaintiff purchased the subject policy, issued by QBE, which policy speaks for itself. QBE lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

6.  QBE admits Plaintiff purchased the subject policy, issued by QBE, which policy speaks for itself. QBE lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

7.  QBE admits Plaintiff purchased the subject policy, issued by QBE, which policy speaks for itself. QBE lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

8.  QBE admits Plaintiff purchased the subject policy, issued by QBE, which policy speaks for itself. QBE lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

9.  QBE admits the occurrence of Hurricane Sally and that Plaintiff made a claim for coverage under the subject policy, which policy speaks for itself. QBE lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

10. QBE lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

11. QBE admits it assigned an adjuster to Plaintiff's claim. QBE lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegation(s) in this paragraph which are, therefore, denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. QBE lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

19. Denied.

20. Denied.

21. Denied.

## COUNT I

22. QBE adopts and incorporates by reference its answers to the prior paragraphs as if fully set forth herein.

23. The subject policy speaks for itself. QBE lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

24. Denied.

25. Denied.

## COUNT II

26. QBE adopts and incorporates by reference its answers to the prior paragraphs as if fully set forth herein.

27. The subject policy speaks for itself. QBE lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

28. Denied.

29. Denied.

30. Denied.

QBE deny Plaintiff is entitled to the relief requested in the unnumbered prayer for relief following Paragraph 30.

## **AFFIRMATIVE DEFENSES**

This case is in the early stages; QBE reserves the right to amend this answer by adding, deleting, or amending defenses as may be appropriate. In further answer to the Complaint, QBE asserts the following affirmative defenses:

1. The Complaint fails to state claims upon which relief can be granted against QBE.

2. Plaintiff's claims against QBE are barred, in whole or in part, by the terms, conditions, and exclusions of the applicable insurance policy.

3. QBE's obligations are limited by the terms, conditions, provisions, definitions, endorsements, and exclusions of the Policy.

4. Plaintiff failed to fulfill conditions precedent to bringing suit against QBE.

5. Plaintiff failed to comply with his duties under the Policy.

6. QBE performed its duties under the Policy.

7. QBE contests the extent of Plaintiff's alleged damages and demands strict proof thereof.

8. QBE denies Plaintiff is entitled to any relief, damages or judgment from QBE, jointly or severally with the other defendant.

9. Plaintiff's tort claims are barred by the applicable statute of limitations.

10. Plaintiff's claims are barred by waiver, estoppel, or acquiescence.

11. The claims are barred by Plaintiff's fraudulent conduct.

12. Plaintiff's claims against QBE are barred by his intentional misrepresentation of material fact(s) in submission of the claim. *See* Ala. Code § 27-14-28.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment because he will be unjustly enriched by the requested relief.

14. Plaintiff is estopped from asserting claims against the insurer by his failure to comply with the terms and conditions of the Policy.

15. Plaintiff failed to mitigate his damages.

16. Plaintiff's bad faith claims are premature.

17. Plaintiff's bad faith claims are barred because QBE had a reasonable, arguable, and/or debatable reason for its coverage decisions.

18. QBE denies the existence of an act, bad faith or otherwise, which supports a claim for punitive damages or an award of punitive damages against any of it.

19. Plaintiff's claim for punitive damages in this case is unlawful in that this defendant did not consciously or deliberately engage in oppression, fraud, wantonness, or malice towards Plaintiff.

20. QBE pleads all limitations to punitive damages afforded by Alabama law, including but not limited to the provisions of Ala. Code § 6-11-20 and § 6-11-21.

21. QBE pleads the constitutional limitations set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and its progeny and assert their due process rights under the Fourteenth Amendment to the United States Constitution and the applicable state constitution.

22. Plaintiff's damages are speculative, precluding his demanded recovery and a finding of bad faith.

23. QBE denies every allegation in the Complaint not specifically admitted

herein and denies Plaintiff is entitled to any damages or recovery from QBE in this action.

24. The alleged damages were not proximately caused by QBE.

25. Plaintiff's damages, if any, were caused by a superseding and intervening cause.

26. Plaintiff's damages, if any, were caused by his contributory negligence.

27. Plaintiff's claims are barred due to his spoliation of evidence.

28. Plaintiff is not entitled to recover expenses paid by a collateral source.

Respectfully Submitted,

DATED: December 14, 2023

/s/ Lane Finch
F. Lane Finch, Jr. (ASB-0027-I58F)
Brandon J. Clapp (ASB-3990-D82W)
Blakely L. Lloyd (ASB-1562-N88Q)
*Attorneys for QBE Specialty Ins. Co.*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE, & HIERS, LLP**
1901 Sixth Ave. North, Suite 1100
Birmingham, AL 35203
T: (205) 314-2401
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com
blakely.lloyd@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2023, the foregoing was served on the following attorney of record by one or more of the following means in accordance with the Federal Rules of Civil Procedure:

[ ]   PACER/CM/ECF
[✓]   Email
[✓]   U.S. Mail
[ ]   Facsimile
[ ]   Hand Delivery

>Neal C. Townsend
>TOWNSEND LAW, LLC
>158 Pliska Street
>Fairhope, AL 36532
>neal@townsendlawoffice.com
>***Attorney for Plaintiff***

                                             */s/ Lane Finch*
                                             OF COUNSEL

4873-7533-3271, v. 1