IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH WAYNE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:23-cv-472-TFM-B |
| ) | |
| QBE SPECIALTY INS. CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's *Motion for Leave to Amend Plaintiff's Complaint* (Doc. 29, filed 10/29/24). Defendant filed a response in opposition, and Plaintiff filed a reply. Docs. 32, 36. Having considered the motion, response, reply, and relevant law, the Court finds the motion is due to be **GRANTED**. The Court previously issued a summary text order granting the motion and indicated a written order would follow. *See* Doc. 54. This is that order.

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading "with the opposing party's consent or the court's leave," and that "the court should freely give leave when justice so requires." The Eleventh Circuit has stated "the rule contemplates that leave shall be granted unless there is substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985). "Although motions for amendment of pleadings are ordinarily governed by the liberal amendment policy embodied in Fed. R. Civ. P. 15(a), the more stringent Rule 16(b) test applies where . . . the request for amendment postdates the applicable scheduling order deadline." *Shumate v. Selma City Bd. of Educ.*, Civ. Act. No. 11-0078-CG-M, 2012 WL 13093402, 2012 U.S. Dist. LEXIS 204420, at *2-3 (S.D. Ala. Aug. 15, 2012) (citing *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007)).

Plaintiff seeks to amend his complaint after the expiration of the Rule 16(b) deadline; therefore, he is effectively asking to amend the Scheduling Order. But the rule is clear that such scheduling order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). This rule is strictly enforced. *See Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, Civ. Act. No. 1:08-cv-387, 2009 U.S. Dist. LEXIS 35562, 2009 WL 1118944, *2 n. 5 (S.D. Ala. Apr. 27, 2009) ("Particularly where a nonmovant objects to a proposed amendment as untimely under the applicable scheduling order, this Court has strictly applied the Rule 16(b) 'good cause' standard to belated amendments to the pleadings.").

This case was removed to this Court on December 14, 2023. Plaintiff filed his motion to amend his Complaint on October 29, 2024—almost ten months later. The deadline for motions to amend pleadings per the scheduling order was April 30, 2024. Thus, because the deadline for amendments per the scheduling order has passed, the Court looks to the more stringent Rule 16(b) standard.

Plaintiff argues that good cause exists here because "[t]hrough recent discovery responses from QBE, Plaintiff has, for the very first time, become aware that QBE will assert that the guest house is not covered under the Policy—a position completely contrary to QBE's stance over the past four years." Doc. 29 at 1-2. Plaintiff specifically points to discovery responses and expert disclosures he received from QBE on September 27, 2024 and September 30, 2024. *Id.* at 4. Plaintiff argues that this new coverage position taken by QBE is not found in a single coverage

letter or document, nor in QBE's answer, affirmative defenses, initial disclosures, or any other written communications until September 27, 2024. *Id.* at 5. Plaintiff also points to the fact that in a letter sent by QBE on September 7, 2021, it afforded payment of $84,856.01 specifically to the guest house under the "other structures" coverage. *Id.* at 2-3.

Defendant counters that Plaintiff "chose to limit his claim for coverage to damage to "the property at issue in this lawsuit located at 16320 Brigadoon Trail, Gulf Shores, AL . . ."" and that he "knew of the damage to his second house . . . located at 16316 Brigadoon Trail. Yet, he chose to not sue for damage to his separate house located at that address." Doc. 32 at 1-2. Defendant further argues that "Plaintiff made a material misrepresentation to QBE and its agents when he presented the claim for damage to what he called the 'guest house' for 16320 Brigadoon Trial" because "[h]e failed to disclose that the 'guest house' was a separate parcel of property separately assessed by Baldwin County." *Id.* at 3. Defendant also makes an argument under the headline "QBE is Not Taking a 'Sudden Position.'" *Id.* at 5. However, upon review on the paragraphs that follow the headline, there is nothing that states that QBE took an official position that the guest house was not covered under the policy prior to the dates asserted by Plaintiff. *See id.* at 5-6.

Regardless of Defendant's assertions, the fact that QBE previously paid Plaintiff $84,856.01 for his claim related to "other structures," and the communications from Defendant on September 27, 2024 and September 30, 2024, clearly indicate that QBE previously believed the guest house was covered under the policy, but now takes the position that the guest house is not covered. Defendant's assertions may certainly be raised in defense of its argument that the guest house is not covered under the policy, but they do not preclude Plaintiff from the opportunity to amend his complaint due to the change. Such a change in position as to coverage this late in the game amounts to good cause to amend the scheduling order and permit Plaintiff to amend his

complaint, as no amount of diligence could have alerted Plaintiff to the change in position any earlier.

While certainly this results in a delay to the case, what is clear is that the prejudice to Defendant on such a delay is outweighed significantly by the prejudice to the Plaintiff should the Court have refused to permit an amendment in this case. Accordingly, Plaintiff's motion for leave to amend his complaint (Doc. 29) is **GRANTED**. As noted in the text order, Plaintiff is **DIRECTED** to docket the amended complaint no later than **December 10, 2024**. The current Defendant shall file its answer or other responsive pleading in accordance with Fed. R. Civ. P. 15(a)(3).

Having reviewed the proposed First Amended Complaint (Doc. 29-7, Exhibit G), the Court notes that this adds two additional parties which will almost certainly necessitate some additional discovery and a new scheduling order once they have been served and appeared. Therefore, the Court **REFERS** that issue to the Magistrate Judge for further action as appropriate.

Plaintiff shall initiate the process of obtaining summons for service upon the docketing of the First Amended Complaint.

**DONE** and **ORDERED** this 6th day of December 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE